

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Dan W. Jackson
District Attorney
Houston, Texas

Dear Sir:

Opinion Number O-1178
Re: Qualifications of voters
in bond elections.

Your request for an opinion on the following questions has been received by this office. We quote from your letter as follows:

"A question has arisen as to who are qualified voters to vote in an election involving bond issues. The City of Houston now has under way a bond issue calling for street bonds but is holding the election up pending a determination as to what persons are qualified to vote at the election. The particular question involved is the correct interpretation of Article 6, Section 3a, of the Constitution and Arts. 2955a and 2955b of the Revised Civil Statutes of 1925.

\* \* \* \* \* \* \*

"Therefore, this office would like an opinion from the Attorney General:

"First, as to whether or not the voter must have himself or through his agent rendered the property, or whether it is sufficient that the property be assessed by the Tax Assessor;

"Second, whether either real or personal property is sufficient; and

"Third, whether, under Article 2955b, the fail-
ure of the Tax Assessor to furnish a list of the
property owners will invalidate the election."

In reply to your first two questions we call your
attention to Section 3a of Article 6 of the Constitution of
Texas, and Article 2955a of the Revised Civil Statutes of
Texas (by which said amendment to the Constitution was
placed in our statutory law); Campbell vs. Wright, 95 S. W.
(2d) 149 (No writ of error applied for); and Texas Public
Utilities Corporation vs. Holland, 123 S. W. (2d) 1028 (Writ
of error dismissed for want of jurisdiction).

In the case of Campbell vs. Wright the San Antonio
Court of Civil Appeals held that a property owner was quali-
fied to vote if his property was rendered for taxes by him-
self or his agent or assessed for taxation by the Tax Asses-
sor.

In the case of Texas Public Utilities Corporation vs.
Holland, the Fort Worth Court of Civil Appeals held that all
persons who had paid their poll tax and who owned taxable pro-
perty, either real or personal, were qualified to vote if
their property was rendered by them personally or through an
agent or was assessed by the Tax Assessor if the property
owner had failed to render the property. This we believe to be
the law in this State at this time and have so held on several
occasions. However, we call your attention to the fact that
there is now pending before the Supreme Court a certified
question in the case of Gus A. Markowsky et al vs. J. T. New-
man et al, from the Galveston Court of Civil Appeals as to the
correct interpretation of these statutes. We have read the
brief of the appellants in this case and they present a very
strong and able argument attacking the soundness of Campbell
vs. Wright and Texas Public Utilities Corporation vs. Holland,
but we feel that until the Supreme Court acts on this matter,
the opinions of the Court of Civil Appeals, cited above, is
the law of this State and should be followed in giving your
instructions to the election officials.

In reply to your third question, this department has
several times ruled that Article 2955b is unconstitutional,
for the reason that it limits qualified voters to those who

Honorable Dan W. Jackson, page #3

have duly rendered <u>real</u> property for taxation, contrary to the express language in Section 3a of Article 6 of the Constitution. The Galveston Court of Civil Appeals has also intimated that the statute was unconstitutional in the case of Border vs. Able, 111 S. W. (2d) 1186, though not directly so holding. That case also held that <u>the failure of a county tax collector to furnish election judges a certified list of real estate owners, in an election to determine if certain bonds should be issued, did not invalidate the election</u>, in the absence of allegations of fraud or misconduct, or that failure to furnish such list affected a fair result of the election. We do not believe, therefore, that it is necessary to prepare the list provided for in this article. However, we do feel that the Tax Collector should furnish the election judges a certified list of the persons who had duly rendered property for taxation (as defined in Texas Public Service Corporation vs. Holland) so that this list might be used by the election judges to help them to determine the qualification of the voters.

Trusting that this answers your questions, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Claud O. Boothman_
Claud O. Boothman
Assistant

COB-s

APPROVED OCT 10, 1939

_Robert E. Kypro_
Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _BWB._
CHAIRMAN